IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JESSE KRUMMEL, SR., *o/b/o J.J.K.*                                              PLAINTIFF

v.                                 5:19-cv-00230-SWW-JJV

ANDREW SAUL,
Commissioner,
Social Security Administration,                                                 DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Jesse Krummel, Sr. brought this action *pro se* pursuant to 42 U.S.C. § 405(g), on behalf of his minor child, J.J.K., for review of the final decision of the Social Security Administration's denial of his claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3).

I.    **BACKGROUND**

On November 20, 2018, the Administrative Law Judge (ALJ) rendered a decision finding Plaintiff's son not disabled. (Tr. 9-23.) The ALJ found J.J.K. was a school age child when Plaintiff filed his application, and when the ALJ rendered his decision. (Tr. 12.) *See* 20 C.F.R. § 416.926a(g)(2). The ALJ also found J.J.K. had never engaged in substantial gainful activity. (*Id.*) The ALJ determined Plaintiff's son had the following severe impairments: post-traumatic

stress disorder and attention-deficit hyperactivity disorder. (*Id.*) The ALJ then determined J.J.K.'s impairments or combination of impairments did not meet or medically equal a listed impairment. (Tr. 12-13.) Finally, the ALJ found J.J.K. did not have an impairment or combination of impairments that functionally equaled a listed impairment. (Tr. 13-22.) The ALJ stated, "The claimant does not have an impairment or combination of impairments that result in either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning." (Tr. 22.) Thus, the ALJ found J.J.K. had not been disabled since March 29, 2017, the date of Plaintiff's application. (*Id.*) The Appeals Council concluded there was no basis to change the ALJ's decision; so, the ALJ's decision became the Commissioner's final administrative decision subject to judicial review. (Tr. 1-3); *See* 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

The role of courts under 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the record to support the decision of the Commissioner, and not to re-weigh the evidence or try the issues de novo. *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). If substantial evidence supports the Commissioner's findings and they are conclusive, a court should affirm them. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. A court may not reverse a prior determination based only on a finding that substantial evidence would support an opposite decision. *See Prosch*, 201 F.3d at 1012; *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996). Consequently, a court's review of this case is limited and deferential to the Commissioner. *See Ostronski v. Chater*, 94 F.3d 413, 416 (8th Cir. 1996).

In determining whether an impairment or combination of impairments functionally equals a listing, the ALJ must have assessed the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating items; (5) caring for themselves; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

To functionally equal a listed impairment, the plaintiff's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.924(d). Plaintiff has the burden of proving his disability. *See* 42 U.S.C. § 1385c(a)(3)(A); *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997). A claimant must meet all of the specified medical criteria of the particular listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). The standard for medical equivalency is similarly demanding. In order to equal a listing, plaintiff must present medical findings equal in severity to all the criteria of the listed impairment. *Marciniak v. Shalala*, 49 F.3d 1350, 1351 (8th Cir. 1995) (citing *Sullivan*, 493 U.S. at 530 (an impairment does not meet or equal a listing if it has only some of the medical criteria, no matter how severe)).

After careful consideration of the record and pleadings in this case, for the following reasons, I find the decision of the Commissioner is supported by substantial evidence.

### III. ANALYSIS

In support of the Complaint, Plaintiff essentially contends that the ALJ's decision is not supported by substantial evidence[1]. (Doc. 12 at 1.) Plaintiff attached twenty-eight pages of

---

[1] The Commissioner argues, "Plaintiff's Brief fails to meet the minimum requirements set forth by this Court." (Doc. No. 13 at 4.) The Commissioner raises a fair point. But out of an abundance of caution, a full review is warranted.

records to his Complaint. Those documents will not be considered and only those records that are part of the administrative transcript (Doc. No. 11) were considered as a part of this decision.

This Court's focus is on J.J.K's "severe" impairments. As previously noted, those impairments are post-traumatic stress disorder and attention-deficit hyperactivity disorder. Plaintiff's Complaint also focuses on these impairments. (Doc. No. 12 at 1.)

A finding of disability under the listing 112.11 for Attention Deficient Hyperactivity Disorder ("ADHD") requires medically documented findings of marked inattention, marked impulsiveness, and marked hyperactivity. A child possesses a marked limitation when his impairments interfere seriously with their ability to "independently initiate, sustain, or complete activities." *Garrett ex rel. Moore v. Barnhart*, 366 F.3d 643, 651 (8th Cir. 2004) (quoting 20 C.F.R. § 416.926a).

A finding of disability under listing 112.15 for Trauma – and stressor – related disorders requires medically documented findings of marked limitation in two of the following functional areas: Understand, remember, or apply information, Interact with others; Concentrate, persist, or maintain pace; Adapt or manage oneself; or it is serious and persistent requiring treatment with marginal adjustment.

Kenneth B. Robinson, M.S. and Samuel B. Hester, Ph.D., completed an Intellectual Assessment and Evaluation of Adaptive Functioning of J.J.K. (Tr. 243-247.) This evidence is the most important evidence in the record. While there is limitation noted, nothing in this report indicates J.J.K. can be considered disabled.

With regard to his ability to attend and sustain concentration on basic tasks, Mr. Robinson reported, "[J.J.K.] had some difficulty working without interruption. Staying focused may be an

4

area of concern." (Tr. 246.) And with regard to his capacity to sustain persistence in completing tasks, Mr. Robinson stated, "Persistence was fine as long as the activity was within [J.J.K's] comfort zone. Otherwise, problem solving started breaking down." (*Id.*) And concerning J.J.K.'s ability to complete school tasks within an acceptable timeframe, Mr. Robinson concluded, he "may require his work to be broken up into smaller segments to prevent him from being overwhelmed." (*Id.*) As previously stated, J.J.K. clearly suffers from some degree of limitation. However, the evaluators noted nothing during the evaluation that amounted to "marked" limitation.

Furthermore, as the Commissioner points out in his brief, the ALJ correctly noted that J.J.K.'s impairments were responsive to treatment. (Tr. 19, 20, 219, 292.) Impairments that can be controlled by treatment or medication cannot be considered disabling. *Brown v. Astrue*, 611 F.3d 941, 955 (8thCir. 2010).

Lastly, J.J.K.'s medical records were evaluated by Janece Hiegel, M.D., and Valeria Malak, M.D. Both medical doctors concluded that J.J.K.'s impairments met the regulatory definition of "severe," but these impairments did not meet or functionally equal any of the listings. (Tr. 67-69, 81-83.) While I recognize these doctors did not actually examine J.J.K., their opinions can still constitute substantial evidence upon which the ALJ could rely. This is especially true when their opinions are consistent with other evidence of record.

## IV. CONCLUSION

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ

5

in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final determination of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 5th day of December 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE